**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C.M., by and through her mother, Jodi M., | No. 10-16240 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00205-SPK-KSC |
| v. | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAI'I, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Kevin S. Chang, Magistrate Judge, Presiding

Argued and Submitted February 14, 2012
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

C.M., a minor, by and through her mother, appeals the district court's

judgment in favor of the State of Hawaii Department of Education ("DOE"). The

district court upheld the decision of the administrative hearings officer that C.M.,

despite diagnoses of Central Auditory Processing Disorder ("CAPD") and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Attention Deficit Hyperactivity Disorder ("ADHD"), was not a "child with a disability" for purposes of eligibility to receive special education services under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we affirm.

This Court reviews the district court's findings of fact for clear error. *Amanda J. ex rel. Annette J. v. Clark County Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001). A finding of fact is clearly erroneous if "'the reviewing court is left with a definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Burlington N., Inc. v. Weyerhaeuser Co.*, 719 F.2d 304, 307 (9th Cir. 1983)). When a party challenges the outcome of an IDEA due process hearing, the reviewing court receives the administrative record, hears any additional evidence, and, "'basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.'" 20 U.S.C. § 1415(i)(2)(C)(iii). Courts give "'due weight'" to the state administrative proceedings, *Van Duyn ex rel. Van Duyn v. Baker School District 5J*, 502, F.3d 811, 817 (9th Cir. 2007) (quoting *Bd. of Educ. of Henrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982)), and, at a minimum, "'must consider the findings carefully,'" *Ojai Unified School District v. Jackson*, 4 F.3d 1467, 1474 (9th Cir. 1993) (quoting *Gregory K. v. Longview Sch. Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987)). This

court, like the district court, gives particular deference where the hearing officer's administrative findings are "thorough and careful." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994). We treat a hearing officer's findings as "thorough and careful" when, as here, the officer participates in the questioning of witnesses and writes a decision "contain[ing] a complete factual background as well as a discrete analysis supporting the ultimate conclusions." *Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1031 (9th Cir. 2006). On appellate review, the burden of proof is on the party challenging the administrative ruling, which in this case is C.M. *See Ms. S. ex rel. G. v. Vashon Island Sch. Dist.*, 337 F.3d 1115, 1127 (9th Cir. 2003) (superseded by statute on other grounds).

Contrary to C.M.'s contention, the district court did not err in using the standard set forth by the Supreme Court in *Rowley*, 458 U.S. at 206-207, in making its eligibility determination. In *Hood v. Encinitas Union School District*, 486 F.3d 1099 (9th Cir. 2007), we addressed the *Rowley* benefit standard and held that it was appropriate for courts to use the benefit standard in determining whether a child "is receiving adequate accommodations in the general classroom–and thus is not entitled to special education services." *Id.* at 1107. Accordingly, the district court applied the proper standard in determining that, based on C.M.'s performance in her regular education classes, with accommodations and modifications, C.M. was

3

able to benefit from her general education classes without special education services.

The record does not support C.M.'s contention that the DOE failed to evaluate her in all areas of suspected disability under the "Child Find" provisions of the IDEA. *See* 20 U.S.C. § 1414(b)(3)(B). Here, the hearings officer found that due to C.M.'s diagnoses of CAPD and ADHD, as well as the information contained in C.M.'s academic and speech-language assessments, "the DOE had reason to suspect that [C.M.] may have academic and speech-language deficits." Indeed, these disability categories were discussed at the August 19, 2008 eligibility meeting. The DOE reviewed C.M.'s prior school records, psychological and medical reports, standardized testing data, grades, attendance records, teacher observations and reports, parental input, student input, and student work samples. Based on this information, the DOE determined that C.M. did not require special education services because she was able to perform and compete successfully in the general education classes. Further, based on the testimony of two of C.M.'s teachers that C.M. did not exhibit any behavioral problems, the DOE did not have any reason to suspect any emotional disturbance that would require it to assess C.M. in this area. Accordingly, the DOE met its child find obligations by assessing C.M. in all areas of suspected disability.

Further, we find no clear error in the district court's determination that C.M. was benefitting in the regular classroom and therefore did not require special education services. C.M. provides no support for her claim that some of the specific modifications in her 504 plan, including the READ 180 program, as well as the pre-algebra course and math lab, were "specialized instruction" within the meaning of the IDEA. The district court found, and we agree, that substantial evidence supported the hearings officer's conclusion that these reading and math classes were not "special education" classes, but rather were regular education classes with small enrollments designed to provide additional support and were open to many types of students who needed additional help.

In addition, we conclude that C.M. has not met her burden of demonstrating that she is eligible for special education services under the category of "specific learning disability."[1] To be eligible under this category, a student must not only demonstrate a severe discrepancy between actual achievement and intellectual ability as demonstrated by a difference of at least one and one-half standard deviations in one or more of the listed areas, but also must demonstrate that, having

_____

[1] We decline to address any arguments with respect to this issue raised by C.M. in her 28(j) letter or at oral argument that were not presented in her briefs. Such arguments would, in any event, not affect the outcome here.

been "provided with learning experiences appropriate for [her] age and ability levels, [she] does not achieve commensurate with [her] age and ability levels." H.A.R. § 8-56-26 (repealed Nov. 23, 2009).

The hearings officer found that the evidence did not show that C.M. had demonstrated even the second part of this test, i.e., that she was not achieving. The hearings officer pointed to specific testimony by C.M.'s teachers that she was progressing appropriately in her classes. Giving due deference to the hearings officer's thorough and careful findings, *Union Sch. Dist.*, 15 F.3d at 1524, we hold that C.M. has not met her burden of showing that the district court, which affirmed the hearings officer in this regard, committed clear error by not finding C.M. eligible for special education and related services under the category of specific learning disability.

C.M. also contends that the district court committed clear error by not finding C.M. eligible for special education and related services under the category of "other health impairment." *See* H.A.R. § 8-56-25 (repealed Nov. 23, 2009). C.M. makes no argument in this regard and thus has waived the issue. Nonetheless, the hearings officer determined that although C.M. has been diagnosed with ADHD, she did not show that she has "limited strength, vitality, or alertness," nor did she show "that any health impairment [she] may have adversely

6

affects [her] educational performance." *Id.* Therefore, C.M. has failed to demonstrate clear error in this determination.

In light of the foregoing, C.M. has failed to demonstrate that the district court committed clear error in determining, based on the hearings officer's "thorough and careful" findings, *Union Sch. Dist.*, 15 F.3d at 1524, that C.M. did not require special education services and that her needs could be met in a 504 plan. There are no findings of fact that leave this Court with any kind of "conviction that a mistake has been committed," *Amanda J.*, 267 F.3d at 887, and there is no error in the district court's conclusion that the DOE did not violate the IDEA in this case. Accordingly, we **AFFIRM** the district court's judgment.