# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2019

Lyle W. Cayce
Clerk

WILLIAM V., As Parent/Guardian/ Next Friend of W.V., A minor individual with a disability; JENNY V., As Parent/Guardian/ Next Friend of W.V., A minor individual with a disability,

      Plaintiffs - Appellants

v.

COPPERAS COVE INDEPENDENT SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-201

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

This case arises under the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1401 *et seq.* The law requires states accepting federal educational funding to comply with the substantive and

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50051

procedural requirements of the Act. *See Honig v. Doe*, 484 U.S. 305, 310 (1988). The plaintiffs are the parents of a dyslexic child. They claim that the Copperas Cove Independent School District violated the IDEA by failing to provide their son with an Individualized Education Program.

The IDEA does not compel the School District to provide a student with an Individualized Education Program unless the student qualifies as a "child with a disability" under the Act. 20 U.S.C. § 1414(d)(2)(A); *see also* 34 C.F.R. § 300.306(c)(2). There is a two-part test for making that determination: A child qualifies as a "child with a disability" under the IDEA if the child (1) has an intellectual disability, specific learning disability, or other health impairment and, (2) "by reason thereof, needs special education and related services." 34 C.F.R. § 300.8(a)(1). The district court concluded that the plaintiffs' son meets the definition simply because dyslexia qualifies as a specific learning disability. It failed to engage with the second part of the test—namely, whether the plaintiffs' son *needs* special education.

We recently observed that "[w]hat it means to *need* special education and related services is not clear." *Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 215 (5th Cir. 2019). The IDEA defines "special education" as "specially designed instruction . . . to meet the unique needs of a child with a disability." 20 U.S.C. § 1401(29). It defines "related services" to mean "transportation, and such developmental, corrective, and other supportive services . . . as may be required to assist a child with a disability to benefit from special education." *Id.* § 1401(26)(A). Notably, if a child "needs a related service and not special education, the child is not [eligible]." 34 C.F.R. § 300.8(a)(2)(i).

While the line between "special education" and "related services" may be murky, case law suggests that where a child is being educated in the regular classrooms of a public school with only minor accommodations and is making

2

educational progress, the child does not "need" special education within the meaning of the IDEA. *See Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 207 n.28 (1982) ("When the handicapped child is being educated in the regular classrooms of a public school system, the achievement of passing marks and advancement from grade to grade will be one important factor in determining educational benefit."); *Lisa M.*, 924 F.3d at 215–18 (finding a child's struggles in the general education environment indicative of a need for special education); *Alvin Indep. Sch. Dist. v. A.D. ex rel. Patricia F.*, 503 F.3d 378, 384 (5th Cir. 2007) ("First, A.D.'s passing grades and success on the TAKS test demonstrate academic progress."); *C.M. ex rel. Jodi M. v. Dep't of Educ., State of Hawai'i*, 476 F. App'x 674, 677 (9th Cir. 2012) ("[T]he district court applied the proper standard in determining that, based on C.M.'s performance in her regular education classes, with accommodations and modifications, C.M. was able to benefit from her general education classes without special education services."); *A.L. v. Alamo Heights Indep. Sch. Dist.*, 2018 WL 4955220, at \*6 (W.D. Tex. Oct. 12, 2018) ("[S]uccess in general education classes cuts against placement in special education.").

Because the district court did not apply the second part of the test, it did not consider whether the accommodations being provided to the plaintiffs' son constitute "special education" or instead only "related services." The court also made no findings as to whether the plaintiffs' son was making progress under the accommodations he was receiving. Consideration of those questions might lead the district court to reach a different conclusion on the child's eligibility for an Individualized Education Program, or on the issue of whether the School District's current accommodations were adequate to meet the child's educational needs.

No. 19-50051

In IDEA cases, a district court must "receive the records of the administrative proceedings" and, "basing its decision on the preponderance of the evidence, . . . grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). On appeal, we review the district court's decision as a mixed question of law and fact. *Lisa M.*, 924 F.3d at 213. While the district court's legal conclusions are reviewed de novo, its factual findings are entitled to clear error deference. *Id.*

The record before us does not permit meaningful appellate review; because the district court did not apply the complete standard, it did not make underlying factual findings the review of which is necessary for us to conclude that its legal conclusions were correct. *See Int'l Marine, L.L.C. v. Integrity Fisheries, Inc.*, 860 F.3d 754, 762 (5th Cir. 2017). Accordingly, we VACATE and REMAND for reconsideration in light of the appropriate standard.